United States v. Leitch (Richardson)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         ROSEMARY S. POOLER,
                        **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         **Appellee**,

         **-v.-**                                12-3577

AMY JENNIFER LEITCH,
         **Defendant**,

KWAME RICHARDSON,
         **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          PETER F. LANGROCK, Langrock
                            Sperry & Wool, LLP, Middlebury,
                            Vermont.

1

**FOR APPELLEE:** WILLIAM D. SARRATT (Amy Busa, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Kwame Richardson appeals from the judgment of the United States District Court for the Eastern District of New York (Bianco, J.), convicting him of importation of cocaine in violation of 21 U.S.C. §§ 952(a)(1), 960(a)(1), and 960(b)(2)(B)(ii); conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii)(II) and 846; and attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii)(II) and 846. On appeal, Richardson argues: a) the prosecutor's remarks in the Government's rebuttal summation violated his due process rights; and b) the district court erred in denying his Rule 29 motion. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

### 1. Prosecutorial Misconduct

Richardson claims that the prosecutor's rebuttal remarks improperly vouched for the credibility of the Government's witnesses. The momentary utterance of the word "guarantee" was not objected to, no doubt because the prosecutor himself corrected his wording in almost the same moment; if objection had been made, the court would have been able to instruct the jury there and then, but focusing the jury on the word, even to clarify, would likely have done more harm than good. Nevertheless, because Richardson did not object to these remarks at trial, we review the prosecutorial misconduct claim for plain error. Fed. R. Crim. P. 52(b); United States v. Young, 470 U.S. 1, 14-15 (1985). Thus, the error must be "particularly egregious," that "seriously affect[s] the fairness, integrity or public

reputation of judicial proceedings." Young, 470 U.S. at 15 (internal quotation marks). In the context of prosecutorial misconduct, Richardson must show "'(1) that the prosecutor's statements were improper and (2) that the remarks, taken in the context of the entire trial, resulted in substantial prejudice.'" United States v. Perez, 144 F.3d 204, 210 (2d Cir. 1998) (quoting United States v. Bautista, 23 F.3d 726, 732 (2d Cir. 1994)).

The prosecutor's statements, while ill-advised, do not amount to plain error, in part because they were made in response to attacks by defense counsel. See Young, 470 U.S. at 17-18; Perez, 144 F.3d at 210-11. The defense counsel implied that the Department of Homeland Security agents lied during their testimony to pin knowledge and intent on Richardson. In response, the prosecutor guaranteed that "there was absolutely nothing sinister going on." In part because this was in response to an attack on the credibility of the Government's witnesses, the prosecutor's statements were unlikely to lead the jury astray or result in substantial prejudice. Young, 470 U.S. at 12; United States v. Rivera, 971 F.2d 876, 883-84 (2d Cir. 1992).


## 2. Insufficiency of the Evidence

Richardson challenges the denial of his Rule 29 motion arguing insufficiency of evidence. We review this claim *de novo.* United States v. Amico, 486 F.3d 764, 780 (2d Cir. 2007). We must affirm if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). "'In reviewing such a challenge, we must view the evidence, whether direct or circumstantial, in the light most favorable to the government, crediting every inference that could have been drawn in its favor.'" Perez, 144 F.3d at 208 (quoting United States v. Skowronski, 968 F.2d 242, 247 (2d Cir. 1992)).

Richardson's first argument is that the jury reached inconsistent verdicts because he could not be convicted of importing cocaine (and conspiracy to distribute cocaine) if

he was acquitted of conspiracy to import cocaine.  However, criminal defendants cannot challenge inconsistent verdicts. United States v. Powell, 469 U.S. 57, 65-66 (1984).

Richardson also contends that the Government has not proven the elements of the three charges.  Viewing the evidence in a light most favorable to the Government, a rational juror could have found Richardson guilty beyond a reasonable doubt on the three counts on which he was convicted.

For the foregoing reasons, and finding no merit in Richardson's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK